## STYNINGER v. COURTRIGHT.

1. CANCELLATION OF INSTRUMENTS—LEASE—FIDUCIARY RELATIONS —PRESUMPTION OF FRAUD—PRINCIPAL AND AGENT.

A lease executed by a woman of inferior mentality who was ignorant of business affairs, giving to her agent and his wife a one-half interest in certain business property and one-half of the income therefrom for 99 years, *held*, void by reason of the fiduciary relations existing between them, where it appears that said lease was so unconscionable as to raise a presumption of fraud, although said

agent made no misrepresentations to her and had rendered valuable services for which he had not been paid.[1]

2. Same—Court Has No Power to Make Contract for Parties.

On setting aside, as unconscionable, a lease of certain premises to an agent for 99 years in consideration of past and future services in looking after and managing said property, the court had no power to impose a condition that the lessor should assign her interest in a certain piece of property to lessee in payment for his services rendered, and the case is remanded for the taking of testimony and the determination as to the value of the services rendered.[2]

Cross-appeals from Bay; Houghton (Samuel G.), J. Submitted October 29, 1924. (Docket No. 185.) Decided December 31, 1924.

Bill by Harriet M. Styninger against Harry M. Courtright and another to set aside a lease on the ground of fraud. From the decree rendered, all parties appeal. Reversed and remanded.

*Frank T. Pratt* and *James L. McCormick,* for plaintiff.

*M. L. Courtright,* for defendants.

McDonald, J. The plaintiff is the widow of John M. Styninger, who died in September, 1920, leaving her certain real estate in Bay City, which she subsequently leased to the defendants for a period of 99 years. The purpose of this bill is to have that lease set aside on the ground that it was without consideration, and was obtained by fraud. The defendant Harry M. Courtright is a real estate broker of Bay City, and at the time of the making of the lease was handling the property as plaintiff's agent. The property originally consisted of two store buildings in which the plaintiff's husband had carried on a hardware business. For a year or more after his death

[1]Landlord and Tenant, 35 C. J. § 428; [2]Cancellation of Instruments, 9 C. J. § 235.

the stores had been closed and the stock of merchandise remained unsold.    The plaintiff was receiving no income from the property.    She engaged the defendant to handle it for her.    He sold out the stock of merchandise, repaired and modernized the buildings and put them in rentable condition.    He then advised the purchase by the plaintiff of an adjoining store building belonging to the Jennison Hardware Company.    The Jennison lot had a 20-foot frontage and was purchased on contract for $4,250 with a cash payment of $1,000 and the balance in annual payments of $500.    This property was also remodeled and the three store buildings rented.    No compensation for the defendant's services was agreed upon but he continued to manage the property in a manner highly satisfactory to the plaintiff without receiving any such compensation as he was entitled to for the services rendered. On the 16th of February, 1923, the plaintiff and the defendants Harry M. Courtright and Maree B. Courtright, his wife, made and executed the so-called 99 year lease, the material parts of which read as follows:

"First party in consideration of services rendered by Harry M. Courtright for her in remodeling and improving the property herein described and owned by first party and other services rendered and to be rendered as herein provided, hereby lets and leases to second parties, husband and wife, and to the survivor of them and to their assigns, a one-half interest in the property herein described and sells and assigns to them as aforesaid and to the survivor of them, a one-half interest in all the income, rents and profits arising at any time out of the following property or any improvements made thereto or thereon.   *   *   *

"To have and to hold the said lease and rents and income as herein described to the parties of the second part and the survivor of them and their assigns for a period of ninety-nine years from the date hereof, to the sole and only proper use, benefit and behoof of the parties of the second part and to the survivor of them and their assigns.

229—Mich.—26.

"Second parties in consideration hereof agree to handle and manage said property, renting and collecting the rents and income therefrom, keeping the same insured and in repair, paying the taxes thereon and all other necessary expenses when due or causing the same to be done by some other suitable person, paying over to first party monthly on the fifteenth of each month one-half of all net rents and income together with a statement when requested of all money paid out and for what purpose, together with the bills for same."     *     *     *

In her bill to set aside this lease the plaintiff

"charges that the said contract or lease, Exhibit A, was signed by plaintiff in absolute reliance upon the statements and representations of the said Harry M. Courtright; that plaintiff signed the same in entire ignorance of the real tenor and effect thereof, and the same was signed and executed by plaintiff without any real consideration whatever; the same is a fraud upon the rights of plaintiff, and in fairness, honesty and good conscience should be set aside and be declared null and void."

In defense of the action the defendants claimed and offered proof tending to show that Harry M. Courtright performed valuable service for the plaintiff for which he received no compensation; that the plaintiff was so well pleased with the way he managed her affairs that she stated to various disinterested parties that she intended to give him an interest in the property by way of compensation; that she fully understood the condition of her property and believed that it was best for her to have Harry M. Courtright continue to manage it; and that, with full knowledge of all the facts, and without any suggestion or solicitation by defendants, she voluntarily made and executed the lease in question; that no fraud or undue influence was exercised by him or any one in his behalf in securing the lease and hence they claim it should be held to be valid and enforceable.

On the hearing the circuit judge found that the lease

was null and void and entered a decree setting it aside on condition that as payment in full for the services rendered by Harry M. Courtright, the plaintiff should assign and transfer to him and Maree B. Courtright, his wife, all her title and interest in the premises referred to as the Jennison property. From the decree entered, both parties have appealed.

The arguments of counsel mostly revolve about the question whether there was fraud, actual or constructive, in the form of misrepresentation, undue influence, or unconscionability of contract. From a reading of the record it does not appear that Harry M. Courtright made any misrepresentations to the plaintiff, or was guilty of active fraud; but it is equally apparent that he seems not to have appreciated the relation he sustained to her, and that he dealt with her as one competent to transact the business in hand and to whom he owed no duty as agent and trusted advisor. The impression we get from the testimony is that he acted on the assumption that he had a right to make any such a contract with her as she was willing to make. His counsel has pointed out for us numerous inconsistencies in her testimony and has emphasized the fact that after the lease was made she gave Harry a letter in which she stated that she had executed the lease of her "own free will" and because of the valuable services he had rendered for her. It may be true that she was mistaken in some portions of her testimony, that she wilfully prevaricated as to others, and that after making the lease she expressed her satisfaction with it, but the fact remains that the contract or lease was unfair to her; that she should not have made it; and that in view of the existing fiducial relations, Harry M. Courtright should not have accepted it. The plaintiff was a woman of inferior mentality. Being ignorant of business affairs, she had come to rely on the defendant, in whose judgment and integrity she had implicit confidence. He had

learning, skill and experience and was in duty bound to use them in her interest and to advise her as to the justice and legal effect of the bargain she was making.    That he did not do so clearly appears in the provisions of the lease.    It gave the defendants a one-half interest in the property and a one-half interest in all the income therefrom for a period of 99 years.    This included, of course, property acquired from the Jennison Hardware Company.    The defendants were to receive a half interest in that property as well as a like interest in the rentals thereof, while the plaintiff was left with the burden of paying the balance of the purchase price, which at the time amounted approximately to $2,250.    It will also be noted that the lease ran to the defendants as husband and wife, to the survivor of them and to their assigns. Under this provision the defendants could sell their interest in the lease, turn the management of the property over to other persons and thus by depriving the plaintiff of the services and skill of Harry M. Courtright, destroy the real consideration for the lease. If the defendants may sell their interest and place the management of the property in the hands of some other party, of what benefit to the plaintiff . is that other provision of the lease which says:

"Second parties in consideration hereof agree to handle and manage said property, renting and collecting the rents and income therefrom, keeping the same insured and in repair," etc.

The defendants assume no obligation whatever and receive a larger benefit from the lease than is fair and reasonable.    It was unconscionable and raises a presumption of fraud.    The circuit judge correctly decreed that this lease should be set aside, but wrongfully imposed the condition that the plaintiff should assign and transfer to the defendants her right, title and interest in the so-called Jennison property in pay-

ment for the services rendered by Harry M. Court-right. The parties never had any such an agreement for the payment of compensation and the court cannot make one for them. He can only affirm the lease in question *in toto* or wholly set it aside. The defendant, Harry M. Courtright, has evidently rendered valuable services for the plaintiff for which he has received no compensation. In her bill the plaintiff offers to pay any reasonable compensation which the court may find to be due him. There is no evidence in this record from which we can determine the monetary value of such services. The case will therefore be remanded to the circuit court for the taking of testimony and the determination as to the value of the services rendered.

A decree will be entered in accordance with this opinion. Neither party will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.